CARI A. COHORN (State Bar No. 249056)
COHORN LAW
101 California Street, Suite 2710
San Francisco, California 94111
Telephone: (415) 993-9005
Fax:        (415) 365-9650
Email: cohorn@cohornlaw.com

Attorneys for Plaintiff GERALD FORREST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT CALIFORNIA

| | |
|---|---|
| GERALD A. FORREST, an individual doing buisness as GOSPELCHOPS, <br><br> Plaintiff, <br><br> v. <br><br> GRUV, INC., a California corporation doing business as GRUV GEAR; JASON VELAZQUEZ, an individual; and DOES 2-10, inclusive, <br><br> Defendants. | Case No:  Case No:  8:19-cv-01527-JVS-ADS <br><br> **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Gerald A. Forrest, an individual doing business as GospelChops, alleges as follows:

1.  This is an action for willful copyright infringement.  Plaintiff Gerald A. Forrest, who does business as GospelChops (referred to herein as "Plaintiff," "Forrest," or "GospelChops"), released a series of videos and DVDs called *Bass Sessionz*.   All video and photographs created in connection with the *Bass Sessionz* series are the exclusive property of Mr. Forrest.

2. Disregarding Forrest's intellectual property rights, Defendants Gruv, Inc. (doing business as Gruv Gear) and Jason Velazquez appropriated a still photograph from *Bass Sessionz Volume 3* – without authorization – and used the image in its widely distributed marketing materials used to promote a Gruv-branded performance at a major music, sound, and entertainment product industry trade show.

3. Forrest's video series – including *Bass Sessionz* – are well-known within the music industry. As of January 2019, the YouTube video promoting *Bass Sessionz Volume 3* and featuring the photograph at issue in this action had garnered more than 188,000 views. Gruv, Inc. unlawfully promoted its show by free-riding on the quality and recognizability of the photograph created and owned by Forrest.

**PARTIES**

4. Plaintiff is, and at all times relevant hereto, has been a citizen of the State of California. Forrest does business as GospelChops and owns the copyright in the photograph at issue in this action.

5. Defendant Gruv, Inc. ("Gruv Gear") is a California corporation doing business as Gruv Gear. Plaintiff is informed and believes that Defendant's principal place of business is in Orange County, California.

6. Defendant Jason Velazquez ("Velazquez) is an individual who, on information and belief, is and at all times relevant hereto has been a citizen of the State of Florida. Velazquez was initially sued in this action under the fictitious name Doe 1.

7. The true names and capacities of Does 2 through 10 are currently unknown by Forrest, who therefore sues them by such fictitious names. Forrest may seek leave to amend this complaint to state the true names and capacities of Does 2 through 10 if and when that information is ascertained.

**JURISDICTION AND VENUE**

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (any act of Congress relating to patents, copyrights or trademarks); 28 U.S.C. § 1338(b).

COHORN LAW
101 California Street, Suite 2710
San Francisco, CA  94111
Telephone:  (415) 993-9005

9. The Court likewise has personal jurisdiction over the Defendants. Defendant Gruv Gear's principal place of business is within this district. Thus, Gruv Gear may be served with process within this district, and requiring Gruv Gear to respond to this action does not violate due process.

10. Defendant Velazquez purposefully directed his conduct toward this district, and/or a substantial part of the events giving rise to the claims herein occurred in this district. As alleged in greater detail below, Gruv Gear (with its primary place of business in this district) retained Velazquez to provide graphic and/or visual materials for use in promoting an event taking place in this district. Among the promotional materials, Velazquez provided the infringing photograph to Gruv Gear. In so doing, Velazquez was actually aware that this use of the photograph infringed Plaintiff's rights, and/or he acted with reckless disregard of or willful blindness to Plaintiff's rights. Accordingly, requiring Velazquez to respond to this action does not violate due process.

11. Venue is proper in this district under 28 U.S.C. § 1400(a) because each Defendant resides or may be found in this district.

### FACTUAL ALLEGATIONS

12. Forrest began doing business as GospelChops, and founded the GospelChops brand, in 2004. The primary goal of the GospelChops business was to provide inspiration and education in a segment of the music world largely ignored by major media outlets and musical instrument companies, specifically, the cultural music that accompanies gospel preaching in African American churches.

13. In 2009 Forrest released the first *Bass Sessionz* video, *i.e.*, *Bass Sessionz Volume 1*. Following the success of *Volume 1*, he released subsequent volumes, including *Bass Sessionz Volume 3*, which was released in or around June 2018.

14. Forrest invested substantial effort and money to creating, producing and promoting *Bass Sessionz Volume 3*. Production expenses on the project were approximately $13,000, and promotional expenses have exceeded that amount.

15. Among other things, *Bass Sessionz Volume 3* includes video of a performance by well-known musician, Justin Raines. A still image from this performance (the "Image" or the "Photograph") is the copyrighted work that is at issue in this action.

16. Forrest used the Image in his efforts to promote *Bass Sessionz Volume 3*, and to promote Gospel Chops more broadly. For example, and without limitation, Forrest featured the Image as the thumbnail image associated with the YouTube video featuring Mr. Raines's performance from *Bass Sessionz Volume 3*. See https://youtu.be/77LyxpvZZgY.

17. Plaintiff is informed and believes that Velazquez operates a business known as "Quezart" and provides branding and promotional services, including but not limited to logo design, web development, photography and video production.

18. Plaintiff is informed and believes that Gruv Gear has retained Velazquez's photographic and design services dating back at least to January 2018. *See, e.g.*, http://quezart.com/mywork/gruv-gear-photoshoot/. Gruv Gear retained Velazquez to provide material used in promoting the "Gruv Live" show at the Winter 2019 National Association of Music Merchants ("NAMM") Show, *i.e.*, the world's largest trade-only event for the music products, pro audio and event technology industry. The materials Velazquez produced to Gruv Gear included the Image.

19. Gruv Gear included the Image in its widely distributed promotional materials before, during and after the NAMM Show. In addition, Gruv Gear displayed the Image on its social media, resulting in the Image being published by third parties, including but not limited to bassplayer.com (https://www.bassplayer.com/artists/gruv-gear-presents-gruv-live-on-saturday-january-26th-at-namm). See also, for example, https://www.facebook.com/12875064251/photos/a.10155340501559252/10157457293754252/?type=3&theater.

20. Forrest did not consent to the reproduction, distribution, or public display of the image by Defendants, or either of them.

## FIRST CLAIM FOR RELIEF

COPYRIGHT INFRINGEMENT – DIRECT, CONTRIBUTORY, AND VICARIOUS
17 U.S.C. §§ 106 *et seq.*
(Against All Defendants)

21. Plaintiff incorporates the above allegations as if fully set forth herein.

22. Forrest is the sole owner of the copyright in an original work that is fixed in a tangible medium of expression, to wit, the Photograph that is the subject of this lawsuit. On June 14, 2019, the United States Copyright Office accepted an application for registration of the copyright in the original work. The Copyright Office assigned case number VA0002159118 to the application.

23. As described above, each Defendant has reproduced, distributed, and/or publicly displayed Forrest's protected work without his consent. The acts of each Defendant violate Forrest's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Forrest's exclusive rights to produce, reproduce, distribute, and publicly display his work.

24. Both Gruv Gear and Velazquez directly infringed Plaintiff's copyright knowingly and with intent to benefit financially from its exploitation of Plaintiff's copyrighted work.

25. Additionally, Gruv Gear vicariously infringed Plaintiff's copyright. That is, upon information and belief, Gruv Gear had the right and ability to control or infringement committed by others (including Velazquez and Does 2-5) and had a direct financial interest in such infringement.

26. Furthermore, Velazquez and Does 6-10 have contributorily infringed on Plaintiff's copyright. Upon information and belief, Plaintiff alleges that Velazquez and Does 6-10 knowingly induced, caused, or materially contributed to the infringement by Gruv Gear and had knowledge, or reason to know, of Gruv Gear's infringement. Moreover, each Gruv Gear, Velazquez, and Does 6-10 knowingly induced, caused, or materially contributed to infringement by nonparties such as bassplayer.com.

27. Because of Defendants' infringing acts, Forrest is entitled to his actual damages and Defendants' profits attributable to the infringement in an amount subject to proof, as well as all other relief allowed under the Copyright Act.

COHORN LAW
101 California Street, Suite 2710
San Francisco, CA 94111
Telephone: (415) 993-9005

28. Defendants' infringement has caused and is causing irreparable harm to Forrest, for which he has no adequate remedy at law. Unless the Court restrains Defendants from infringing Plaintiff's copyright, the harm will continue to occur in the future. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That judgment be entered in favor of Forrest and against Defendants on all counts;

b. That the Court issue a preliminary and permanent injunction restraining Defendants Gruv Gear and Velazquez, and all individuals acting in concert or participation with it/them, from future infringement of the subject photograph;

c. That Defendants' materials that infringe Forrest's copyright, as well as any other articles that contain or embody copies of Forrest's original work, be impounded pursuant to 17 U.S.C. § 503(a);

d. That Defendants' materials that infringe Forrest's copyright, as well as any other articles that contain or embody copies of Forrest's original work, be destroyed pursuant to 17 U.S.C. § 503(b);

e. That the Court order Defendants to provide Plaintiff with a full and complete accounting of all amounts received by Defendants, and all amounts owed to Plaintiff, as a result of Defendants' unlawful actions, as alleged herein.

f. That the Court order Defendants to pay Forrest all damages that he has sustained, or will sustain, as a result of the acts complained of herein, and that Forrest be awarded any and all profits derived by Defendants as a result of said acts;

g. That the Court order Defendants to pay costs of this action;

h.  That the Court order Defendants to pay prejudgment interest; and

i.  Such other and further relief as the Court deems just and proper.

Dated:  February 24, 2020                    COHORN LAW

By_____/s/ Cari A. Cohorn_____

Cari A. Cohorn
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  February 24, 2020                    COHORN LAW

By_____/s/ Cari A. Cohorn_____

Cari A. Cohorn
Attorneys for Plaintiff

7